[No. 1594.]

## Ex Parte LEO BUNCEL.

CRIMINAL LAW—ARSON—AFFIDAVIT FOR ARREST—SUFFICIENCY—INFORMA-
TION AND BELIEF. Under Comp. L. 1900, sec. 4073, providing that,
when a complaint is laid before a magistrate of the commission of
a public offense, he must examine on oath the complaint, etc., *pro-
vided*, if a complaint by proper affidavit setting forth the nature of
the charge and the facts within the knowledge, information, or
belief of the party making the same, be filed with the magistrate,
and it sufficiently appears that an offense has been committed by
some person, known or unknown to the affiant, triable within the
county, the justice may issue a warrant of arrest, an affidavit charg-
ing a person with the crime of arson on information and belief of
the affiant, and stating the facts constituting the offense, is suf-
ficient to authorize the issuance of a warrant.

ORIGINAL PROCEEDING. Application by Leo Buncel for a
writ of *habeas corpus* to W. H. McInnis, Sheriff of Washoe
County. Writ denied.

The facts appear in the opinion.

*E. E. Copeland*, for Petitioner.

*W. D. Jones*, Attorney-General, and *E. L. Williams*, District
Attorney, *contra*.

*Per Curiam:*

The application of the petitioner charges that he is unlaw-
fully imprisoned and restrained of his liberty by W. H.
McInnis, sheriff of Washoe county, Nevada, in the county
jail of said county. The illegality of such imprisonment
is said to consist of his arrest by virtue of a warrant issued
by a justice of the peace upon a charge of arson based upon
an affidavit or complaint charging the applicant with the
crime of arson upon information and belief of the party
making the same.

The affidavit, in effect, charges Leo Buncel, on information
and belief, with having, at the county of Washoe, State of
Nevada, on the 2d day of September, 1900, committed the
crime of arson, to wit: that said applicant, in the daytime,
then and there unlawfully, feloniously, and maliciously did
burn a certain building known as the "Bottling Works of
the Washoe Brewery," of the value of more than $50, the
property of the estate of Samuel W. Bowman, deceased.

The applicant contends that this affidavit was insufficient, under our statute, to authorize the issuance of the warrant for the arrest of the defendant, and therefore in excess of jurisdiction.   Certain decisions of the Supreme Court of California are cited in support of this contention, but we do not regard them as controlling the matter, because of the very marked difference between the California statute and our statute regulating these proceedings.

By section 103 (Comp. L. 1900, sec. 4073) it is provided that, when a complaint is laid before a magistrate of the commission of a public offense triable within the county, he must examine on oath the complainant or prosecutor, and any witness he may produce, and may require their depositions to be reduced to writing, and subscribed by the parties making them, if the magistrate deem it advisable; *provided*, if a complaint by proper affidavit setting forth the nature of the charge and the facts within the knowledge, information, or belief of the party making the same, be filed with the magistrate, and it sufficiently appears that an offense has been committed by some person, known or unknown to the affiant, triable within the county, the justice may issue a warrant of arrest.

The proviso of the above section is not found in the California statute.   This proviso authorizes the issuance of a warrant upon the complaint made upon information and belief.   The nature of the charge and the facts constituting the same sufficiently appear in the complaint.

The defendant will therefore be remanded to the custody of the sheriff for such further proceedings before the magistrate as the law may authorize.